13-14O3

Quan v. Holder

BIA

A2OO O32 131

# UNITED STATES COURT OF APPEALS

# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 3rd day of September, two thousand fourteen.

PRESENT:

ROSEMARY S. POOLER,

REENA RAGGI,

PETER W. HALL,

     *Circuit Judges.*

_____

XIU RONG QUAN,

     *Petitioner*,

v.

13-1403

NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,

      *Respondent*.

_____

FOR PETITIONER:              Charles Christophe, Christophe Law Group,
P.C., New York, NY.

FOR RESPONDENT:         Stuart F. Delery, Assistant Attorney General;
Anthony C. Payne, Senior Litigation
Counsel; Rebecca E. Dames, Law Clerk,
Yedidya Cohen, Trial Attorney, Office of
Immigration Litigation, United States
Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration

Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that

the petition for review is DENIED.

Petitioner Xiu Rong Quan, a native and citizen of China, seeks review of a March 26, 2013 decision of the BIA denying her untimely motion to reopen her removal proceedings. *In re Xiu Rong Quan*, No. A200 032 131 (B.I.A. Mar. 26, 2013). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We review the BIA's denial of a motion to reopen for abuse of discretion. *See Ali v. Gonzales*, 448 F.3d 515, 517 (2d Cir. 2006) (per curiam). An alien seeking to reopen proceedings is required to file a motion to reopen no later than 90 days after the date on which the final administrative decision was rendered. *See* 8 U.S.C. § 1229a(c)(7)(C); 8 C.F.R. § 1003.2(c)(2). There is no dispute that Quan's motion to reopen, filed in 2012, was untimely because her order of removal became final in 2007. *See* 8 U.S.C. § 1101(a)(47)(B)(i). Quan contends, however, that her conversion to Christianity in the United States and the increased mistreatment of

Christians in China constitute materially changed country conditions excusing her motion from the applicable time limitation. We hold that the BIA did not abuse its discretion in denying Quan's motion for failure to demonstrate a material change in country conditions.

First, the BIA did not err in determining that Quan's conversion to Christianity in the United States was a self-induced change in personal circumstances and not a change in country conditions. *See Yuen Jin v. Mukasey*, 538 F.3d 143, 155 (2d Cir. 2008); *Wei Guang Wang v. BIA*, 437 F.3d 270, 273-74 (2d Cir. 2006).

Second, the BIA's determination that the 2011 ChinaAid Report did not reflect a material change in country conditions was also reasonable. Quan bore the burden of supporting her motion to reopen with "material" evidence. *See* 8 C.F.R. § 1003.2(c)(1); *see also* 8 U.S.C. § 1229a(c)(7)(B); *cf. Jian Hui Shao v. Mukasey*, 546 F.3d 138, 149 (2d Cir. 2008) (where enforcement of a policy varies, it is the applicant's

burden to show that violation of the policy would be punished in a way that gives rise to a well-founded fear of persecution in her locality).   The ChinaAid report indicated that the treatment of Christians varied by region, and it made no mention of how that treatment manifested itself in Quan's home province of Zhejiang.   Because that report did not provide any basis from which to conclude that there had been a change in how Christians were treated in Zhejiang between 2006 (when Quan had her merits hearing) and 2012 (when she filed the motion to reopen) and because that report was the only evidence in the record discussing conditions applicable to Chinese Christians in 2006, it was immaterial to proving changed conditions in Quan's home province. *See In re S-Y-G-*, 24 I. & N. Dec. 247, 253 (B.I.A. 2007) ("In determining whether evidence accompanying a motion to reopen demonstrates a material change in country conditions that would justify reopening, [the BIA] compare[s] the evidence of country conditions submitted with the motion to those that existed at the time of the merits hearing below.").

Accordingly, Quan's focused challenge asserting the BIA did not give appropriate consideration to the ChinaAid Report is without merit. *Cf. Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 342 (2d Cir. 2006) ("Although we have cautioned that 'the immigration court should be careful not to place *excessive* reliance on published reports of the Department of State,' the weight to afford to such evidence 'lie[s] largely' within the discretion of the IJ." (citations omitted)). Therefore, Quan's overarching assertion that the BIA erred in concluding she did not establish a material change in country conditions fails. In so holding, we note that Quan has not challenged before this Court the BIA's decision to give diminished weight to other individualized items of evidence (i.e., the letter from Quan's parents and photocopies of certain unauthenticated notices), which also bear on the issue of changed conditions.

We decline to consider Quan's challenge to the agency's alternative finding that she had not demonstrated her *prima facie* eligibility for relief. *See INS v. Bagamasbad*,

429 U.S. 24, 25 (1976) ("As a general rule courts and agencies are not required to make findings on issues the decision of which is unnecessary to the results they reach.").

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, we DENY as moot Quan's motion for a stay of removal; we will address by separate order Petitioner's attorney's motion to withdraw as counsel.

FOR THE COURT:

Catherine O'Hagan Wolfe, Clerk

7